O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER HUGHES, an individual; et al., <br><br> Plaintiffs, <br><br> v. <br><br> JONAH HIRSCH, an individual; FIXED POINT FILMS, et al., <br><br> Defendants. | Case No. CV 13-02173 DDP (JCGx) <br><br> **ORDER TO SHOW CAUSE RE: TRADEMARK CLAIMS AND JURISDICTION** |

Plaintiffs allege that this court has jurisdiction over this matter by dint of Plaintiffs' Lanham Act claims for trademark infringement. To succeed on these claims, however, Plaintiffs must show that the title of the literary work at issue has acquired secondary meaning. <u>Academy of Motion Picture Arts v. Creative House</u>; 944 F.2d 1446, 1454 (9th Cir. 1991); <u>Fuddruckers, Inc. v. Doc's B.R. Others, Inc.</u>, 826 F.2d 837, 842 (9th Cir. 1987); <u>McCarthy on Trademarks and Unfair Competition</u>, § 10.2 (4th ed. 2013). Based on the allegations in Plaintiff's complaint and the evidence before the court on Plaintiffs' Motion for a Preliminary

Injunction, it does not appear that Plaintiffs' trademark claims are viable.  Absent any viable federal claim, the court is inclined against exercising supplemental jurisdiction over Plaintiffs' remaining state law claims.

Plaintiffs' complaint also asserts that this court has subject matter jurisdiction under 28 U.S.C. § 1332. (Complaint ¶ 25.)  The complaint does not specify the amount of damages sought, but asserts, without explanation, that the amount in controversy exceeds $75,000.  Defendant Helping Hands Productions, LLC acquired a one-year purchase option on the screenplay at issue for $7,500. The option agreement merely sets out a minimum purchase price of $50,000. (Complaint, Ex. 1 ¶ 4.)  The remainder of the complaint does not appear to allege any facts from which the damages at stake can be ascertained.  It is therefore not clear to the court that the amount in controversy in this matter exceeds $75,000, as is required to establish diversity jurisdiction.

Plaintiffs are therefore ordered to show cause, within ten days of the date of this Order and by written brief not to exceed fifteen pages, (1) why their trademark claim should not be dismissed and (2) why the remaining claims should not be dismissed for lack of jurisdiction. Failure to file a brief in accordance with this Order will be deemed consent to dismissal of this action.

IT IS SO ORDERED.

Dated: May 14, 2013

DEAN D. PREGERSON
United States District Judge

2