O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER HUGHES, an individual; HEATHER HUGHES PRODUCTIONS, LLC, a limited liability company organized under the laws of the State of Washington,<br><br>          Plaintiffs,<br><br>   v.<br><br>JONAH HIRSCH, an individual; FIXED POINT FILMS, an entity of unknown form; HELPING HANDS PRODUCTIONS, LLC, a limited liability company organized under the laws of the State of North Carolina,<br><br>          Defendants.<br>_____ | Case No. CV 13-02173 DDP (JCGx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br><br><br>[Dkt. No. 51] |

Presently before the court is Plaintiffs' Motion for Summary Judgment.  Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I.  Background**

In 2008, Plaintiff Heather Hughes ("Hughes") purchased the rights to a screenplay (the "Script") titled "Sarah's Gift."

1   (Declaration of Sarah Lupen, Ex. H ¶ 2.)  Hughes rewrote and
2   renamed the script, which she the registered with the United States
3   Copyright Office and Writer's Guild of America West.  (Lupen Decl.,
4   Ex. H ¶¶ 3-4.)

5        In 2011, Defendant Jonah Hirsch ("Hirsch") recommended the
6   Script to Helping Hands Productions, LLC ("Helping Hands").[1]
7   (Lupen Decl., Ex. B ¶ 3.)  Hirsch "was attached by [Helping Hands]
8   to produce the film on its behalf and was tasked with an obtaining
9   an option on the screenplay as well as to develop the screenplay
10  into a draft suitable for production."  (Id. ¶ 5; Declaration of
11  Jonah Hirsch in Opposition to MSJ ¶ 5.)  Hirsch also provided
12  "numerous creative notes relating to story, character and tone.")
13  (Hirsch Decl. ¶ 4.; Lupen Decl. Ex. H(B).)

14       In July 2011, Hughes entered into a purchase option agreement
15  with Helping Hands.  (Lupen Decl., Ex. J.)  Helping Hands paid
16  Hughes $7,500 for a one-year option ending July 26, 2012.  (Lupen
17  Decl., Ex. H ¶ 11.)  Under the terms of the option agreement,
18  Helping Hands had the right to extend its purchase option for
19  another year by tendering another $7,500 to Hughes at any time
20  prior to July 26, 2012.  (Lupen Decl., Ex. J.)  Helping Hands did
21  not purchase the script.  (Lupen Decl., Ex. H ¶¶ 12, 15.)

22       A dispute arose as to the ownership of the Script, leading
23  Plaintiffs to file the instant action in this court.  Plaintiffs
24  and Helping Hands arbitrated their dispute, which resulted in an
25  arbitration award concluding that Helping Hands had no claim to the
26
27  ——————————————————
28       [1] Defendant Fixed Point Films is wholly owned by Hirsch.
    (Lupen Decl., Ex. A.)

1   Script.  (Lupen Decl., Ex. C.)  Plaintiffs and Helping hands then
2   entered into a stipulated judgment in this case.  (Dkt. 46, 48).
3       Hirsch and Fixed Point declined to submit to binding
4   arbitration.  Plaintiffs now seek summary judgment declaring that
5   Hughes is the sole owner of the Script.[2]

6   **II.  Legal Standard**

7       Summary judgment is appropriate where the pleadings,
8   depositions, answers to interrogatories, and admissions on file,
9   together with the affidavits, if any, show "that there is no
10  genuine dispute as to any material fact and the movant is entitled
11  to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party
12  seeking summary judgment bears the initial burden of informing the
13  court of the basis for its motion and of identifying those portions
14  of the pleadings and discovery responses that demonstrate the
15  absence of a genuine issue of material fact.  See Celotex Corp. v.
16  Catrett, 477 U.S. 317, 323 (1986).  All reasonable inferences from
17  the evidence must be drawn in favor of the nonmoving party.  See
18  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 242 (1986).
19  If the moving party does not bear the burden of proof at trial, it
20  is entitled to summary judgment if it can demonstrate that "there
21  is an absence of evidence to support the nonmoving party's case."
22  Celotex, 477 U.S. at 323.

23      Once the moving party meets its burden, the burden shifts to
24  the nonmoving party opposing the motion, who must "set forth

25

26      [2] Plaintiffs request that the court dismiss their remaining
27  claims for interference with prospective economic relations,
    conversion, and unfair business practices.  That request is
28  GRANTED.  Plaintiffs' First, Second, and Third causes of action are
    DISMISSED, with prejudice.

specific facts showing that there is a genuine issue for trial."
Anderson, 477 U.S. at 256.  Summary judgment is warranted if a
party "fails to make a showing sufficient to establish the
existence of an element essential to that party's case, and on
which that party will bear the burden of proof at trial." Celotex,
477 U.S. at 322.  A genuine issue exists if "the evidence is such
that a reasonable jury could return a verdict for the nonmoving
party," and material facts are those "that might affect the outcome
of the suit under the governing law." Anderson, 477 U.S. at 248.
There is no genuine issue of fact "[w]here the record taken as a
whole could not lead a rational trier of fact to find for the non-
moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574, 587 (1986).

It is not the court's task "to scour the record in search of a
genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275,
1278 (9th Cir. 1996). Counsel has an obligation to lay out their
support clearly.  Carmen v. San Francisco Sch. Dist., 237 F.3d
1026, 1031 (9th Cir. 2001).  The court "need not examine the entire
file for evidence establishing a genuine issue of fact, where the
evidence is not set forth in the opposition papers with adequate
references so that it could conveniently be found." Id.

**III.  Discussion**

There do not appear to be any disputes of material fact.[3]
Hirsch does not dispute that "he was involved with" Helping Hands.
(Opposition at 1.)  Hirsch also states that he makes no claims of

---

[3] Though Defendant Hirsch, appearing pro se, did not timely
file an opposition to Plaintiffs' motion, the court has considered
Hirsch's late-filed opposition in the interest of deciding matters
on the merits.

1  ownership to the Script.  (Opp. at 2.)  Rather, Hirsch claims

2  ownership only of "certain creative notes which were all . . .

3  original ideas and intellectual property . . ."  (Id.)

4      Hirsch's argument is somewhat unclear to the court.

5  Plaintiffs claim only that they own all rights, title, and interest

6  to the Script, to which Hirsch appears to stake no claim.  (FAC ¶

7  54; Opp. at 2.)  This alone would seem to warrant summary judgment

8  in favor of Plaintiffs.

9      To the extent Hirsch contends that Plaintiffs are not the sole

10 owners of the Script because Hirsch owns certain notes or ideas

11 incorporated into the Script, Hirsch is mistaken.  First, ideas

12 alone are simply not copyrightable.  Worth v. Selchow & Righter

13 Co., 827 F.2d 569, 572 (9th Cir. 1987); 17 U.S.C. § 102(b).  Only

14 particular creative expressions, which include specific details of

15 an author's rendering of an idea, are protectable.  Funky Films,

16 Inc. v. Time Warner Entm't Co., 462 F.3d 1072, 1077 (9th Cir.

17 2006).  Hirsch has not pointed to, nor is the court aware of, any

18 such expressions here.

19     Furthermore, even if Hirsch did own a copyright to creative

20 expressions incorporated into the Script, that would not

21 necessarily entitle him to an authorship or ownership interest in

22 the Script.  "[A]uthorship is not the same thing as making a

23 valuable and copyrightable contribution."  Aalmuhammed v. Lee, 202

24 F.3d 1227, 1232 (9th Cir. 2000).  Nor are any of the indicators of

25 joint authorship present here.  See Aalmuhammed, 202 F.3d at 1234.

26 Accordingly, there can be no dispute that Hughes is the sole owner

27 of the Script.

28 ///

**IV.   Conclusion**

    For the reasons stated above, Plaintiffs' Motion for Summary Judgment is GRANTED.  Plaintiffs' First, Second, and Third causes of action are DISMISSED, with prejudice, at Plaintiffs' request. Each party shall bear its own costs.


IT IS SO ORDERED.


Dated: September 18, 2014

                                        DEAN D. PREGERSON
                                        United States District Judge